UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELA JOHNSON,

    Plaintiff,       Civil Action No. 11-13081

  v.           District Judge Victoria A. Roberts
              Magistrate Judge Laurie J. Michelson

HSBC BANK,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21]**

   This is a mortgage foreclosure lawsuit.  Plaintiff Lela Johnson alleges that, by representing itself to be her mortgage servicer and by foreclosing upon her mortgage, Defendant HSBC Mortgage Services[1] committed fraud, was unjustly enriched, and slandered the title to her property.  (*Id.* at 2-8.)  Plaintiff further alleges that Defendant promised but never provided a loan modification.  (*Id.*)  Plaintiff seeks to prevent the foreclosure of her property, to quiet title to her property, to be awarded damages, and to have adverse credit ratings removed from her record.  (*Id.*)  Before the Court is Defendant's Motion for Summary Judgment. (Dkt. 21.)  The Motion is fully briefed and the Court heard oral argument on July 11, 2012.

   Based upon the evidence in the record and for the reasons set forth below, this Court finds that Plaintiff has not raised an issue for trial regarding Defendant's right to foreclose upon the Mortgage, and that no reasonable jury could find that Defendant made a written promise to modify

_____

   [1]Plaintiff initially named "HSBC Bank" as Defendant.

Plaintiff's loan.  Accordingly, this Court **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED**.

## I.  BACKGROUND

On July 14, 2006, Plaintiff bought a home in Flint, Michigan (the "Property") and executed a mortgage ("Mortgage") in favor of non-party Oak Street Mortgage LLC ("Oak Street") in the amount of $228,000.  (Def.'s Mot. Summ. J. Ex. 1 at 1.)  The Mortgage names Oak Street as the "Lender," and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Mortgagee" and "Nominee for Lender and Lender's successors and assigns."  (Def.'s Mot. Summ. J. Ex. 1 at 9.)

In a letter dated August 30, 2006, Defendant notified Plaintiff that her mortgage loan had been assigned to Defendant and that it was now the servicing agent.  (Pl.'s Resp. at 1-2, Def. Mot. Summ. J. Ex. 2 at 2.)  The letter informed Plaintiff that if she had any questions, she should contact her prior servicer "GMAC."  (Def.'s Mot. Summ. J. Ex. 2.)  Plaintiff began making payments to Defendant as requested in the notice.  (Pl.'s Resp. at 2.)  Plaintiff contends that she requested to see the properly endorsed Note and Mortgage on multiple occasions in 2009.  (*Id.* at 3.)  Apparently, Defendant never produced the documents for Plaintiff's review.  (*Id.*)

On November 30, 2006, Oak Street sold several of its offices and business outlets to Novastar Financial Inc. ("Novastar").  (Pl.'s Resp. Ex. B at 32).  In February of 2007, Oak Street went bankrupt and its remaining mortgages and cash were seized by its creditors. (Pl.'s Resp. Ex. B at 31).

Plaintiff made all of her mortgage payments to Defendant until October 2009.  (Def.'s Mot. Summ. J. at 1.)  Plaintiff contends that sometime in 2009 or 2010, she and Defendant's agents verbally agreed that if she made additional full payments, she would be granted a loan modification.

(Pl.'s Resp. at 2.) Plaintiff alleges that she complied with the terms of the verbal agreement, but Defendant never granted the promised modification. (*Id.*) Defendant has provided letters sent to Plaintiff requesting information related to loan modification eligibility. (*See* Def.'s Mot. Summ. J. Exs. 4-5.) None of the letters promise a loan modification. (*See Id.*)

On November 16, 2010, MERS assigned Plaintiff's Mortgage to Defendant, and, on November 29, Defendant recorded the assignment with the Genesee County Register of Deeds. (Def.'s Mot. Summ. J. Ex. 3; Pl.'s Resp. at 3-4.)

On June 15, 2011, the Property was sold at a sheriff's sale. (Def.'s Mot. Summ. J. at 2.)

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitle to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party may discharge its initial summary judgment burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that the moving party may carry its summary judgment burden without "produc[ing] evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof"). If the moving party does so, the party opposing the motion "must come forward with

3

specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587.

When the nonmoving party fails to adequately respond to a summary judgment motion, the court is not required to search the record to determine whether genuine issues of material fact exist. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989); *see also* Fed. R. Civ. P. 56(c)(1). Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

Ultimately, the Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.")

## III.  ANALYSIS

### A.  Plaintiff Has Not Shown That Defendant Wrongfully Foreclosed Upon Plaintiff's Mortgage

Under Michigan law, a party may foreclose by advertisement if it is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(d). Here, the undisputed record establishes that Defendant was both and thus, had the right to foreclose. Plaintiff's arguments to the contrary are meritless.

#### 1.  Defendant's Purchase of the Mortgage or Note

Plaintiff claims that Defendant never rightfully held an interest in the Mortgage or Note because Defendant never purchased the Mortgage or Note. (Compl. ¶ 17; Pl.'s Resp. at 5-8.) More specifically, Plaintiff argues that because Oak Street went bankrupt in 2007, it could not sell

4

Defendant the Mortgage or Note. Plaintiff asserts that one of Oak Street's creditors took the Mortgage as a result of Oak Street's bankruptcy. (Pl.'s Resp. at 6-7.) In support of this argument, Plaintiff relies upon Oak Street's bankruptcy filing. (*Id.*)

The bankruptcy statement, however, contains no information that contradicts Defendant's ownership. (*See* Pl.'s Resp. Ex. A.) Moreover, Oak Street's bankruptcy appears to be entirely irrelevant: Defendant asserts that it purchased the Note and Mortgage two months before Novastar purchased some of Oak Street's assets and six months before Oak Street's non-party creditors seized the remainder. (*See* Pl.'s Resp. Ex. A.) Plaintiff offers insufficient evidence to the contrary.

### 2. *Plaintiff Lacks Standing to Challenge the Validity of the Assignment*

Plaintiff next asserts that the assignment of the Mortgage to Defendant was fraudulent. (Compl. ¶ 14, 17, 28, 31; Pl.'s Resp. at 5-8.) But, as argued by Defendant, Plaintiff does not have standing to challenge the validity of the assignment from MERS to Defendant. (*See* Def.'s Mot. Summ. J. at 7.)

In *Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, the court held that a mortgagor lacks standing to challenge the validity of assignments to which it was not a party, unless the mortgagor raises

> any matter which renders the assignment absolutely invalid or ineffective, or void. These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice.

399 F. App'x. 97, 102 (6th Cir. 2010) (internal citations omitted).

Plaintiff appears to argue that she has standing because she may be subject to double payment on the Note. (Pl.'s Mot. Summ. J. at 7-8.) Plaintiff, however, presents no evidence

suggesting that some other party owns the Note or has attempted to collect mortgage payments from her. Mere conjecture that Plaintiff could at some point be subject to double liability is not sufficient to withstand a motion for summary judgment. *Cable v. Mortgage Electronic Registration Sys., Inc.*, No. 11-14877, 2012 WL 2374236, at *4 (E.D. Mich. June 22, 2012) (discussing the *Livonia* double payment exception).

Defendant asserts that it owns Plaintiff's Note and, in support, produced the original for inspection by this Court at the July 11, 2012 motion hearing. The fact that Defendant currently owns the Note, combined with Plaintiff's complete lack of evidence suggesting that another party might try to collect on it, satisfies the Court that Plaintiff is not subject to double liability and lacks standing to challenge the assignment.

> *3. Even if Plaintiff had Standing to Challenge MERS' Assignment, Plaintiff has Not Shown That the Assignment Was Invalid*

Plaintiff asserts that an assignment separating a Mortgage and Note is a nulity and that therefore the assignment from MERS to Defendant is void. (Pl.'s Resp. at 5.)

This argument is foreclosed by recent Sixth Circuit authority. In *Hargrow v. Wells Fargo Bank N.A.*, the Sixth Circuit ruled that MERS may foreclose on mortgages and may assign its power of foreclosure. No. 11-1806, 2012 WL 2552805, at *2-4 (6th Cir. July 3, 2012). The *Hargrow* court held "that MERS, 'as record-holder of the mortgage,' own[s] an 'interest in the indebtedness . . . [that] authorize[s] MERS to foreclose by advertisement under MCL 600.3204(1)(d) despite not owning the underlying debt." *Hargrow*, 2012 WL 2552805, at *2 (citing *Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 183 (Mich. 2011)). Regarding MERS' power to assign its interest, the *Hargrow* court reasoned:

> "[b]ecause plaintiff granted MERS the power to assign the mortgage,

6

> the assignment of the mortgage to [the foreclosing bank] [sic] was valid. Furthermore, because the mortgage specifically granted . . . [sic] MERS the power to foreclose on and sell the property as nominee for the lender, [the foreclosing bank], as assignee of the mortgage, also had the power to foreclose on and sell the property."

*Id.* at *3 (quoting *Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818 at *4 (Mich. Ct. App. Aug 9, 2011) (unpublished opinion)).

The undisputed facts are very similar to those in *Hargrow*. MERS was the original mortgagee. (Def.'s Mot. Summ. J. Ex. 1 at 9.) Plaintiff granted MERS the power to assign the Mortgage, and MERS used that power to assign the Mortgage to Defendant. (Def.'s Mot. Summ. J. Ex. 1, 3.)[2] The Mortgage also granted MERS the power of foreclosure (Def.'s Mot. Summ. J. Ex. 1 at 9), and once assigned, Defendant, as record holder of the Mortgage, also had that power. *See Hargrow*, 2012 WL 2552805, at *3. The assignment from MERS to Defendant was then recorded with Genesee County. (Pl.'s Resp. Ex. D.) Since the chain of title was properly recorded, Defendant had the power to foreclose, in accordance with § 600.3204(1)(d). *See id.*; *Fawaz v. Aurora Loan Servs. LLC*, No. 302840, 2012 WL 1521589, at *2 (Mich. Ct. App. May 1, 2012) (unpublished opinion) (holding that when MERS assigned its interests in the mortgage to the foreclosing bank, that bank had the same authority as MERS to foreclose under Mich. Comp. Law § 600.3204(1)(d)).

Given the foregoing, the Court is not persuaded by Plaintiff's argument that the separate

---

[2]The *Hargrow* court found that "in light of the language in the Mortgage that does give MERS the right to exercise the interests created by the Mortgage 'including but not limited to' certain delineated rights and the general right to sell the Note or a partial interest in the Note 'together with this Security Instrument' we deem the Mortgage as creating a right of assignment in the mortgagee." 2012 WL 2552805 at *3 n.3. Because the exact same language is present in Plaintiff's Mortgage, (Def.'s Mot. Summ J. Ex. 1 at 9, 11, 17) the Court finds that the Mortgage contains a right of assignment.

7

assignment of the Mortgage and Note was impermissible.  Accordingly, Plaintiff has not raised a genuine issue for trial regarding Defendant's right to foreclose as "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage . . . ."  *See* Mich. Comp. Law  § 600.3204(1)(d)

> ### 4.  *Even if Defendant was not an Owner of an Interest in the Indebtedness Secured by the Mortgage, Defendant had the Right to Foreclose as the Servicing Agent*

Plaintiff asserts that Defendant never purchased the Note, and thus could not be the servicing agent entitled to foreclose on the Mortgage.  (Pl.'s Resp. 6-7.)  The premise of this argument is flawed: Plaintiff provides no evidence to support her assertion that another party owns the Note, and the Court confirmed that Defendant holds the original note at oral argument.

On the other hand, Defendant supports its claim that it is the servicing agent with competent evidence.  (Def.'s Mot. Summ J. at 4.)  Defendant produced the August 30, 2006 letter notifying Plaintiff that it was the new servicing agent.  (Def.'s Mot. Summ J. Ex. 2)  Defendant also points out the undisputed fact that Plaintiff made her mortgage payments to Defendant from that time up until her default in 2009.  (Def.'s Mot. Summ J. at 4, Pl.'s Resp. at 2.)

Thus, based on the record presented, Defendant also had the right to foreclose as the servicing agent of Plaintiff's loan.  *See* Mich. Comp. Law  § 600.3204(1)(d).

### B. Fraud

Plaintiff next alleges that the assignment from MERS to Defendant is a fraudulent document. (Pl.'s Mot. Summ. J. at 8.)

To establish fraud, Plaintiff must show (1) that the offending party made a material misrepresentation (2) that was false, (3) that the offending party knew to be false or made with reckless disregard as to its truth, (4) that the offending party made the representation with the

8

intention that the innocent party would act on it, (5) that the innocent party relied on it, and (6) that the innocent party suffered damages. *Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 274 Mich. App. 239 (2006); *51382 Gratiot Ave. Holdings, LLC v. Chesterfield Dev. Co., LLC*, 835 F. Supp. 2d 384, 404 (E.D. Mich. 2011).

Plaintiff's argument that the assignment is fraudulent because MERS had no power to assign the Mortgage fails because, as discussed, MERS in fact had the power to assign its interest in the Mortgage. *See Hargrow*, 2012 WL 2552805, at *3. Further, Plaintiff provides no evidence of falsity or that Defendant knowingly made false statements. *See e.g. Farrell v. Harvey Elam Fair Value Appraisal Services*, No. 11-12368, 2012 WL 1080522 at *3 (E.D. Mich. Feb. 29, 2012), *adopted by*, 2012 WL 1078825 (E.D. Mich. Mar. 30, 2012) (dismissing the plaintiff's silent fraud claim for failing to prove knowledge of false statements).

Plaintiff also alleges that Defendant committed silent fraud when it failed to produce proof that it owned the Mortgage and that it was the rightful servicing agent. (Pl.'s Mot. Summ. J. at 8.) In order to prove a claim of silent fraud, "a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M & D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App.1998).

Plaintiff's silent fraud claim is unsupported by any evidence of falsity. *See Farrell*, 2012 WL 1080522 at *3. Further, Plaintiff has not established that Defendant had a legal or equitable duty to make any additional disclosures to prove that it purchased Plaintiff's Mortgage or possessed the right to service the Note. *See Dingman v. OneWest Bank, FSB*, No. 11-15706, 2012 WL 884357 at *7 (E.D. Mich. Mar. 14, 2012) (dismissing the plaintiff's silent fraud claim for failing to plead facts that support the creation of a legal duty to disclose a supposed misrepresentation). Accordingly,

Defendant's motion for summary judgment on all counts of fraud should be granted.

### C. Unjust Enrichment

Plaintiff asserts that Defendant does not own the Note and thus, was unjustly enriched by collecting three years' of Plaintiff's mortgage payments. (Pl.'s Resp. at 9.)

Under Michigan law, a claim for unjust enrichment, and other implied or quasi-contract claims, is not cognizable where an express contract covers the subject matter. *Fodale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 36 (Mich. Ct. App. 2006). This is because "an action for unjust enrichment seeks to imply a contract, which is not necessary or proper if an express contract covering the same matter exists." *Kammer Asphalt Paving v. East China Township Schools*, 504 N.W. 2d 635 (1993).

The doctrine of unjust enrichment is therefore inapplicable in this case: the Mortgage and Note are express contracts covering Plaintiff's obligation to make mortgage payments. *See Nikiforuk v. Citimortgage Inc.*, No. 11-10815, 2011 WL 7113469, at *7 (E.D. Mich. Dec. 27, 2011) (dismissing claim that defendant was unjustly enriched by receiving the plaintiff's mortgage payments because the mortgage and note were express contracts requiring those payments); *see also Collins v. Wickersham*, — F.Supp. —, No. 11-12999, 2012 WL 995208, at *6 (E.D. Mich. Mar. 23, 2012) (dismissing plaintiff's claim that defendant was unjustly enriched by repossessing the plaintiff's house because the mortgage was an express contract granting the right to foreclose); *Soto v. Wells Fargo Bank*, *N.A.*, No. 11-14064, 2012 WL 113534, at *9 (E.D. Mich. Jan. 13, 2012) (dismissing plaintiff's unjust enrichment on the basis of claim because the mortgage and note provided a contractual duty to make payments).

Alternatively, as discussed, Plaintiff's argument that Defendant was not the servicing agent

fails.  It follows that, on this record, Defendant was entitled to receive Plaintiff's mortgage payments.

Accordingly, Defendant's motion for summary judgment on Plaintiff's unjust enrichment claim should be granted.

### D. Promissory Estoppel

Plaintiff contends that Defendant promised a loan modification and that she relied upon this promise by making continued loan payments.  (Pl.'s Resp. 9-10.)  Plaintiff further states that this reliance was to her detriment because Defendant failed to follow through on its promise.  (*Id.*)

Michigan's Statute of Frauds provides:

> [a]n action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution: . . . (b) A promise or commitment to renew, extend, modify or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2)(b).  The statute defines "financial institution" to include loan servicers such as Defendant.  *See* Mich. Comp. Laws § 566.132(3).

Here, Plaintiff seeks to enforce an alleged promise to modify her loan, but has failed to present a written agreement signed by Defendant or its agents.  Her own affidavit, submitted in support of her contention, does not state that Defendant ever made a written promise.  (Def.'s Reply Ex. 10.)[3]  Further, Plaintiff conceded in her Response, and at oral argument, that the promise was oral.  (Def.'s Reply Ex. 10, Pl.'s Resp. at 2.)  Courts consistently hold that failure to present a

---

[3]Although Plaintiff references an affidavit attached to her Response, she did not attach the affidavit.  (*See generally* Pl.'s Resp.)  Prior to removal to this court, Plaintiff did submit an affidavit to the state court and Defendant has attached that Affidavit to its Reply as Exhibit 10.

written and signed promise is grounds for dismissing a claim for promissory estoppel. *See El-Seblani v. OneWest, FSB*, No. 11-11178, 2011 WL 6309155, at *5 (E.D. Mich. Dec. 15, 2011) (denying the plaintiff's promissory estoppel claim because the plaintiff failed to present a written loan modification offer signed by the defendant); *accord Soto*, 2012 WL 113534, at *8; *see also Crown Technology Park v. D & N Bank, F.S.B.*, 242 Mich. App. 538, 548 (Mich. Ct. App. 2000) (barring the plaintiff's promissory estoppel claim because it was based on an oral promise to waive a loan provision).

Accordingly, summary judgment is warranted on Plaintiff's promissory estoppel claims.

### E. Slander of Title

Plaintiff alleges that Defendant violated Mich. Comp. Laws § 565.108 when "Defendant caused to be recorded a fraudulent document that it was assigned[:] the Plaintiff's Mortgage . . . ." (Compl. ¶ 57.) Plaintiff further states that "said document was discovered to be false. Defendant knew said document was false at the time it recorded the document." (*Id.*)

Mich. Comp. Laws § 565.108 states that "[n]o person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land . . . ." To prevail under § 565.108, Plaintiff must show "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *B & B Investment Group v. Gitler*, 581 N.W. 2d 17, 18 (Mich. Ct. App. 1998). "Malice cannot be inferred merely from the filing of an invalid lien. To sustain a claim of slander of title, the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Stanton v. Dachille*, 463 N.W. 2d 479, 486 (Mich. App. 1990).

Plaintiff's slander of title claim fails in at least two ways. First, as discussed, Plaintiff has

12

not created a triable issue on whether the assignment from MERS to Defendant is fraudulent.  (*See* Def.'s Mot. Summ. J. at 12.)  Because, on this record, the assignment was valid, Defendant did not record any false information.  (*Id.*)  Second, although Plaintiff alleges malice by claiming that Defendant knew that it was recording a false assignment with the intent to cause injury, she has not provided any evidence to support her assertion.  Therefore, she has failed to create a genuine issue of material fact regarding malice.  *See Claxton v. Orlans Associates, P.C.*, Nos. 300151, 303855, 2012 WL 933601, at *3 (Mich. App. Mar. 20, 2012) (unpublished opinion) (holding that recording an invalid assignment, without more, is not enough to show the requisite malice for a slander of title claim); *Safford v. Precision Funding*, No. 09-14925-BC, 2010 WL 548504 at *6 (E.D. Mich. Feb. 9, 2010) (finding that where the plaintiffs did not allege malice, the defendants were entitled to dismissal of the plaintiffs' claim on that ground).

Accordingly, Defendant's motion for summary judgment on Plaintiff's slander of title claim should be granted.

### F.  Conclusion

For the foregoing reasons, this Court **RECOMMENDS GRANTING** Defendant's motion for summary judgment and dismissing all claims **WITH PREJUDICE**.

## IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  August 6, 2012


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 6, 2012.


s/Jane Johnson
Deputy Clerk


14